IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| QUALCOMM INCORPORATED,<br>  a Delaware corporation; and<br>QUALCOMM TECHNOLOGIES, INC.,<br>  a Delaware corporation,<br><br>        Plaintiffs,<br><br>  v.<br><br>ARM LTD.,<br>  a U.K. corporation,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)   C.A. No. _____<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**<u>MOTION FOR LEAVE TO FILE COMPLAINT UNDER SEAL</u>**

Plaintiffs Qualcomm Incorporated and Qualcomm Technologies, Inc. (collectively, "Qualcomm") respectfully move pursuant to Federal Rules of Civil Procedure 5.2 and the Local Rules of Civil Practice and Procedure of the United States District Court for the District of Delaware, for an order that their Complaint against Defendant Arm Ltd. ("Arm") be filed under seal. The grounds for this motion are as follows:

1. This action arises out of a series of agreements between the parties relating to the licensing of Arm's technologies.

2. The agreements contain confidentiality provisions that prohibit Plaintiffs from disclosing "Confidential Information" which is defined to include, *inter alia,* "the terms and conditions" of the agreements.

3. The Complaint references and quotes portions of the agreements, as well other information potentially within the scope of "Confidential Information."

4. The Complaint also references confidential business activities of Plaintiffs under the terms of the agreements.

5.	This Court has the "inherent equitable power to grant confidentiality orders." *Pansy v. Borough of Stroudsburg,* 23 F.3d 772, 785-86 (3d Cir. 1994). Although there is a "presumption in favor of public accessibility," the Court has authority to seal documents "when justice so requires," provided the party requesting sealing demonstrates that the "interest in secrecy outweighs the presumption" of access. *In re Motions for Access of Garlock Sealing Techs. LLC*, 488 B.R. 281, 299-300 (D. Del. 2013) (quoting *LEAP Sys., Inc. v. MoneyTrax, Inc.*, 638 F.3d 216, 221-22 (3d Cir. 2011)). Thus, "courts may deny access to judicial records, for example, where they are sources of business information that might harm a litigant's competitive standing." *Littlejohn v. Bic Corp.,* 851 F.2d 673, 678 (3d Cir. 1988) (citing *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978)); *see also* Fed. R. Civ. P. 26(c)(l)(G) (identifying "confidential . . . commercial information" as one category of information that can be protected via court order); *see also Mylan Inc. v. SmithKline Beecham Corp.*, 723 F.3d 413, 415 n.3 (3d Cir. 2013) (finding good cause to seal documents "to protect the parties' confidential proprietary business and competitive interests"); *Leucadia, Inc. v. Applied Extrusion Techs., Inc.,* 998 F.2d 157, 166 (3d Cir. 1993) ("Documents containing trade secrets or other confidential information may be protected from disclosure."). Where a party relies on assurances of confidentiality in entering into an agreement, that party has a privacy interest preventing disclosures of its non-public, confidential business and financial information. *See LEAP Sys.,* 638 F.3d at 222.

6.	Permitting Plaintiffs to file their Complaint under seal will preserve the status quo with respect to the parties' rights and obligations under the agreements and protect the confidentiality of the agreements and their terms, including those terms containing sensitive non-public information, and protect Plaintiffs' confidential and sensitive business activities. These

interests in secrecy outweigh any presumption or interest that may exist in favor of public access to the details of a private and confidential business transaction.

7. In accordance with D. Del. LR 5.1.3 and the District of Delaware Administrative Procedures Governing Filing and Service by Electronic Means Section (G)(1), Plaintiffs shall submit a redacted version of their Complaint within seven (7) days after filing of the sealed Complaint.

WHEREFORE, Plaintiffs respectfully request that the Court issue an Order in the form attached hereto permitting Plaintiffs to file their Complaint under seal.

| | |
|---|---|
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Karen L. Dunn<br>William A. Isaacson<br>Melissa F. Zappala<br>DUNN ISAACSON RHEE LLP<br>401 Ninth Street NW<br>Washington, DC 20004<br>(202) 240-2900<br><br>Erin J. Morgan<br>DUNN, ISAACSON, RHEE LLP<br>11 Park Place<br>New York, NY 10007<br>(202) 240-2900<br><br>Catherine Nyarady<br>Jacob A. Braly<br>PAUL, WEISS, RIFKIND, WHARTON<br>  & GARRISON LLP<br>1285 Avenue of the Americas<br>New York, NY 10019-6064<br>(212) 373-3000<br><br>January 8, 2026 | */s/ Jennifer Ying*<br><br>Jennifer Ying (#5550)<br>Travis Murray (#6882)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jying@morrisnichols.com<br>tmurray@morrisnichols.com<br><br>*Attorneys for Plaintiffs* |

3